UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (New Haven)

| | |
|---|---|
| DIRECTV, Inc. ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO. 3:03cv938DJS |
| ) | |
| vs. ) | RULE 26(f) REPORT OF THE PARTIES' |
| ) | PLANNING MEETING |
| Daniel Frankel ) | |
| ) | |
| Defendant ) | |

### RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING

Date Complaint Filed: May 27, 2003

Date Complaint Served: October 28, 2003

Date of Defendant's Counsel Appearance: January 30, 2004.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on March 24, 2004. The participants were:

Attorney John M. McLaughlin, for plaintiff and Kenneth D. Quat, for Defendant

**I. CERTIFICATION**

Undersigned counsel for Plaintiff and counsel for Defendant certified that, after consultation with the Plaintiff, they have discussed the nature and basis of the parties' claims and

defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel for Plaintiff Counsel further certifies that he has forwarded a copy of this report to the Defendant.

## II. Jurisdiction.

A. Subject Matter Jurisdiction:

Federal Question Jurisdiction exists pursuant to 28 U.S.C. § 1331.

B. Personal Jurisdiction: Defendant acknowledges that he is a resident of Connecticut.

## III. Brief Description of the Case.

A. Claims of Plaintiff:

Plaintiff alleges that Defendant used and/or distributed or modified two (2) devices, referred to as an emulator and a programmer. These devices were specifically designed for utilization in the unauthorized interception of the Plaintiffs telecommunications signals. The use of these devices to intercept the Plaintiffs telecommunications signals violates Title 47 U.S.C. section 605 and Title 18 U.S.C. section 2520. Distributing these devices violates

provisions of title 47 U.S.C. section 605.

The Plaintiff's allegations are based upon the evidence that the Defendant purchased said devices on May 7, 2001. From the purchase of the descrambling device:

1. The Court Can logically infer the devices were used and/or distributed in violation of the Federal law; or

2. The Court must find there is a rebuttable presumption that the device was used and/or distributed in violation of the Federal law. See *Community Television Sys. Inc. v. Caruso* 284 F. 3d 430 2002 (2d Cir. 2002).

Plaintiff is seeking:

1   Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $10,000.00 for each device distributed or for each so-called "access card" which was modified and/or then distributed after being modified were utilized in conjunction with the devices;

2   Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $1,000.00, *tripled* pursuant to Connecticut General Statute 52—564, for the Defendant's unauthorized interception of signal;

       3    Statutory damages pursuant to Title 18 U.S.C. section 2520 of the greater of $10,000.00 or $100.00 per day of unauthorized interception, *tripled* pursuant to Connecticut General Statute 52—564;

       4    The Plaintiff attorney's fees pursuant to either Title 18 U.S.C. section 2520 or Title 47 U.S.C. §605

B.    Defenses and Claims of Defendant: The Defendant denies all material allegations of the complaint, including but not limited to purchasing, receiving, or modifying any "pirate access devices," intercepting plaintiff's satellite television signal, and assisting in the interception of said signal.

## IV.    Statement of Undisputed Facts.

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts have been admitted by the Defendant in his answer (See Defendant's Answer)

1. The Defendant is an individual with his principal residence at 81 Far Horizons Drive Shelton, CT 06484;

2. This action is brought pursuant to Title 47 U.S.C. §§ 605 and Title 18 U.S.C. § 2520.

3. This Court has original jurisdiction over this action under Title 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Connecticut pursuant to Title 28 U.S.C. § 1391(b).

**V.    Case Management Plan.**

    A.    *Standing Order on Scheduling in Civil Cases.*

The parties request a modification of the deadlines in the Standing Order as follows:

That Paragraph 2(d) be modified so as to require that all discovery be completed by November 30, 2004.

That Paragraph 2(e) be modified so as to require that all motions for summary judgment be filed by December 31, 2004.

    B.    *Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). However, if one is necessary, the parties prefer a conference by telephone.

    C.    *Early Settlement Conference.*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties *do not* request an early settlement conference.

3. The parties *do not* request a referral for alternative dispute resolution pursuant to C. Conn. L. Civ. R. 16.

D. Joinder of Parties and Amendment of Pleadings.

1. The parties are allowed until June 1, 2004 to file motions to join additional parties, and until July 1, 2004 to file motions to amend the pleadings.

E. *Discovery*.

1. The plaintiff anticipates discovery will be needed on the following subjects: Information related to Defendants' purchase, use, distribution, sales and manufacture/alteration of devices to intercept plaintiff's television programming without authorization by or payment to plaintiff.

2. The Defendant anticipates discovery will be needed on the following subjects: information in possession of plaintiff related to all allegations of the complaint.

   3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) may be commenced forthwith and will be completed by November 30, 2004.

   4. Discovery will not be conducted in phases.

   5. Discovery on issues for early discovery will be completed by _____N/A_____.

   6. The parties anticipate that the Plaintiff will require a possibility of 7 depositions of fact witnesses (depending upon the ultimate disposition of the emulators) and that the Defendant will require a total of two (2) depositions of fact witnesses. The depositions will be completed by December 31, 2004.

   7. The parties may serve more than twenty-five (25) interrogatories.

   8. The plaintiff intends to call one expert witness at trial (with the understanding that certain of the Plaintiff's fact witnesses might be qualified as experts). The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 1, 2004. Depositions of any such experts will be completed by September 30, 2004.

   9. The Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(s)(2) by September 1, 2004. Depositions of any such experts will be completed by October 31, 2004.

      10.    Any party who has a claim or counterclaim for damages will provide a damage analysis on or before July 1, 2004.

F.    *Dispositive Motions.*

Dispositive motions will be filed on or before December 31, 2004.

G.    *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 31, 2005 (unless a dispositive motion is pending).

## VII.    Trial Readiness.

The case will be ready for trial sixty (60) days after the filing of a joint trial memorandum.

As an officer of the Court, undersigned counsel for the Plaintiff agrees to cooperate with the undersigned counsel for Defendant to promote the just, speedy and inexpensive determination of this action. The undersigned counsel for the Defendant also certifies that he will cooperate with

the Plaintiff, the counsel of record and the Court to promote the just speedy and inexpensive determination of this action.

PLAINTIFF,                                          DEFENDANT,

By _____          By _____
John M. McLaughlin, Esq.                              Kenneth D. Quat, Esq.
McLaughlin Sacks LLC                                  9 Damonmill Square, Suite 4A-4
31 Trumbull Rd.                                       Concord, MA  01742
Northampton MA 01060                                  (978) 369-0848
Tel 413-586-0865                                      (CT 24512)
(CT16988)